UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case Nos. 13-cr-20751
          19-cv-11182

vs.

HON. MARK A. GOLDSMITH

HAKIEM HASSAN JOSEY,

    Defendant.
_____/

# OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (Dkt. 64)

This matter is before the Court on Defendant Hakiem Hassan Josey's motion to vacate his sentence under 28 U.S.C. § 2255 (Dkt. 64). Josey pleaded guilty to attempted carjacking (Count I), in violation of 18 U.S.C. § 2119(1), and to use of a firearm during and in relation to a crime of violence (Count II), in violation of 18 U.S.C. § 924(c).[1] Judgment (Dkt. 54). On April 28, 2015, Josey was sentenced 10 months' imprisonment on Count I and to 84 months' imprisonment on Count II, to run consecutively. Id. In his motion to vacate, Josey contends that his sentence on Count II is invalid, as the residual clause of § 924(c) is unconstitutionally vague. For the reasons that follow, the Court denies Josey's motion.

Josey seeks to vacate his sentence in light of the Supreme Court's decisions in Johnson v. United States, 576 U.S. 591 (2015), and Sessions v. Dimaya, — U.S. —, 138 S. Ct. 1204 (2018). In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague, 576 U.S. at 597, while Dimaya invalidated the residual clause in 18 U.S.C. § 16(b), 138 S. Ct. at 1215. Because § 924(c) uses language similar to these two statutes, Josey contends that these decisions render his conviction

---

[1] This matter was originally assigned to the Honorable John O'Meara and was later reassigned to the undersigned on April 24, 2019.

under § 924(c) invalid.

It is unlawful under 18 U.S.C. § 924(c) to use a firearm during and in relation to a "crime of violence. The statute defines a "crime of violence" as:

> [A]n offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). After Josey filed his motion, the Supreme Court determined in United States v. Davis, — U.S. —, 139 S. Ct. 2319, 2336 (2019), that subsection (B) of the quoted provision—the residual clause—is invalid because it is unconstitutionally vague.

Here, the predicate offense underlying Josey's § 924(c) conviction is carjacking. The Sixth Circuit has firmly held that, irrespective of the residual clause of subsection (B), carjacking constitutes a crime of violence under the elements clause of subsection (A). United States v. Gardner, 819 F. App'x 335, 340 n.6, 341 (6th Cir. 2020) (citing United States v. Jackson, 918 F.3d 467, 485–486 (6th Cir. 2019)). Accordingly, Josey's conviction under § 924(c) is valid and unaffected by the Supreme Court's rulings in Johnson, Dimaya, and Davis.

Josey's motion is, therefore, denied. Because reasonable jurists would not find the Court's ruling debatable, the Court denies a certificate of appealability under 28 U.S.C. § 2253(c)(1)(a).[2] See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

SO ORDERED.

Dated: June 2, 2021　　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings, Rule 11(a).

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 2, 2021.

s/Karri Sandusky<br>
KARRI SANDUSKY<br>
Case Manager